UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRELL JONES,

        Plaintiff,                Case No. 2:13-cv-134

v.                                             Honorable R. Allan Edgar

KAREN CARR,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

  I.  Factual allegations

Plaintiff Darrell Jones, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Karen Carr, R.N., Health Care Unit Manager Gloria Hill, Resident Unit Manager William Jondreau, Lieutenant G. Yankovich, Acting Sergeant Joseph Linden, Grievance Coordinator T. LaPlant, Resident Unit Manager Ralph Sackett, Corrections Officer Unknown DeForge, Assistant Resident Unit Manager S. Burke, Inspector Eric A. Pareja, Acting Warden Kenneth Tribley, Hearing Investigator Steven Raymond, Prison Health Services, Inc. (PHS), Corrections Officer Unknown Borgen, MDOC Director Daniel Heyns, Corrections Officer Unknown Fredrickson, Corrections Officer Unknown Sutherland, Corrections Officer Doug West, Assistant Deputy Warden Shane Place, and Lieutenant Unknown Dahl.

In his complaint, Plaintiff alleges that he is a diabetic and that on May 9, 2012, Defendant Carr retaliated against him by writing a false misconduct on him. In the misconduct, Defendant Carr claimed that Plaintiff had threatened to come take Defendant Carr on a date after he was released from prison. Plaintiff was found "not guilty" of the misconduct on May 21, 2012. On August 7, 2012, Defendant Borgen wrote a false misconduct ticket on Plaintiff. Plaintiff told Defendant Linden that he did not deserve the misconduct ticket, and asserted that another prisoner created the disruption. Defendant Linden indicated that he knew of Plaintiff's litigation activities against AMF officials and did not like the fact that Plaintiff had been found not guilty of the misconduct written by Defendant Carr. Defendant Linden stated that he would see that Plaintiff was

placed in segregation. On August 10, 2012, Defendant Yankovich "suppressed material exculpatory evidence" and found Plaintiff guilty of the misconduct. Plaintiff filed an appeal.

On August 10, 2012, Defendant Hill wrote a retaliatory false misconduct ticket on Plaintiff. Plaintiff was placed on "loss of privileges" through August 31, 2012, and was unable to exercise in the yard during this period. On September 17, 2012, Plaintiff filed a grievance regarding the retaliatory misconduct conviction. However, his grievance was rejected because a misconduct conviction is non-grievable. Plaintiff's attempts to appeal this rejection at steps II and III were also denied. Plaintiff eventually learned that his appeal of the misconduct had been denied, but had to make repeated requests to get his appeal reviewed. On October 12, 2012, Plaintiff filed a grievance asserting staff corruption. Plaintiff states that he had been subjected to more than 30 consecutive days of loss of privileges without a 7 day break as required by MDOC policy. On October 30, 2012, Defendant Sackett denied Plaintiff's grievance.

Plaintiff claims that Defendants retaliated against him in violation of the First Amendment, as well as violated his equal protection and procedural and substantive due process rights. Plaintiff seeks equitable relief and damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that Plaintiff's complaint is barely legible and consists mostly of conclusory assertions that his rights were violated. Initially, the court notes that Plaintiff's claims against Defendants Jondreau, LaPlant, Sackett, DeForge, Burke, Pareja, Tribley, Raymond, PHS, Heyns, Fredrickson, Sutherland, West, Place, and Dahl are based on the right to control employees,

the denial of administrative grievances or the failure to act. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

        Plaintiff has not alleged facts establishing that Defendants Jondreau, LaPlant, Sackett, DeForge, Burke, Pareja, Tribley, Raymond, PHS, Heyns, Fredrickson, Sutherland, West, Place, and Dahl were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Jondreau, LaPlant, Sackett, DeForge, Burke, Pareja, Tribley, Raymond, PHS, Heyns, Fredrickson, Sutherland, West, Place, and Dahl had in this action involve the denial of administrative grievances or the failure to act. Defendants Jondreau, LaPlant, Sackett, DeForge, Burke, Pareja, Tribley, Raymond, PHS, Heyns, Fredrickson, Sutherland, West, Place, and Dahl cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Jondreau, LaPlant, Sackett, DeForge, Burke, Pareja, Tribley, Raymond, PHS, Heyns, Fredrickson, Sutherland, West, Place, and Dahl are properly dismissed for lack of personal involvement.

        Plaintiff claims that Defendants Carr, Borgen, and Hill wrote false misconduct tickets on him in retaliation for Plaintiff's litigation activities. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff

must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The court notes that a prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). Therefore, because Plaintiff was found guilty of the misconduct tickets written by Defendants Borgen and Hill, his retaliation claims against these Defendants are properly dismissed.

In addition, with regard to Defendant Carr, Plaintiff fails to allege any facts showing that her conduct was motivated by desire to retaliate against him. Even if there were allegations of temporal proximity between protected conduct on Plaintiff's part, and the misconduct ticket by Defendant Carr, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

> In *Muhammad* [*v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004)] the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant

> enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

Plaintiff states that Defendant Linden and Defendant Yankovich conspired to retaliate against him when Defendant Linden stated that would see that Plaintiff was placed in segregation prior to Defendant Yankovich finding Plaintiff guilty of a misconduct ticket on August 10, 2012. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy are conclusory and speculative. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on a highly attenuated inference from the mere fact that he has been disciplined by or subjected to objectionable treatment by a prison officials in various circumstances with which he disagreed. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the incidents described in Plaintiff's complaint were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

Moreover, Plaintiff's claim that Defendant Linden retaliated against him is frivolous, as Defendant Linden did not take any adverse action against Plaintiff. The court notes that Defendant Linden's statement is not evidence of retaliation because Defendant Linden was not the decisionmaker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).

Finally, Plaintiff alleges that Defendant Yankovich violated his rights while acting as a hearing officer and adjudicating Plaintiff's misconduct ticket. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir.

1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's action fails because Defendant Yankovich is absolutely immune under the circumstances of this case.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:    1/6/2014             */s/ R. Allan Edgar*
                               R. Allan Edgar
                               United States District Judge